**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.Loker@Loker.Law
Andrei Armas (299703)
andrei.armas@loker.law
Direct: 213-587-6201
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

Attorney for Plaintiff,
Patricia Ann Gordon

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICIA ANN GORDON,**<br><br>Plaintiff,<br><br>v.<br><br>**CAPITAL ONE, N.A.** successor by merger to **DISCOVER BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES, LLC**<br><br>Defendant. | **Case No.: 2:26-CV-02034-AB-SSC**<br><br>Hon. André Birotte Jr.<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>**DATE:** June 5, 2026<br>**TIME:** 10:00 a.m.<br>**COURTROOM:** 7B |

CASE NO.: 2:26-CV-02034-AB-SSC                    *Gordon v. Capital One, N.A., et al.*

**Joint Rule 26(f) Report**

Plaintiff PATRICIA ANN GORDON ("Plaintiff") and Defendants CAPITAL ONE, N.A., successor by merger to DISCOVER BANK ("Capital One" or the "Furnisher"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") (collectively "Defendants," and together with Plaintiff, the "Parties"), by and through their respective counsel of record, jointly submit this Joint Rule 26(f) Report in accordance with Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Setting Scheduling Conference in Civil Case [Dkt. 26].

## A.    Statement of the Case

### *Plaintiff:*

This consumer-protection action arises from Defendants' continued credit reporting, validation, and collection of an inaccurate Discover credit-card tradeline balance that includes years of "cash advance" interest charges for an alleged cash advance Plaintiff maintains she never requested, received, or authorized. Plaintiff has maintained the Discover account ending in 5857 since at least September 8, 2005. After learning the Account had two interest rates (one purportedly tied to a cash advance), Plaintiff discovered recurring monthly cash-advance interest charges, despite billing-statement summaries repeatedly listing "Cash Advances: $0.00." Plaintiff has identified at least $18,885.59 in disputed cash-advance interest charges, subject to further proof, and the Furnisher has not produced underlying transaction documentation supporting the alleged cash advance. Plaintiff promptly disputed the Account directly with Discover on May 27, 2025 and July 22, 2025, and with the consumer reporting agencies on May 30, 2025 and July 22, 2025. Trans Union deleted the Account, but Equifax and Experian continued reporting it. On or about August 14, 2025, Discover deemed the Account and balance "valid," and Discover/Capital One has continued billing and collection efforts on the disputed amount.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Plaintiff alleges that, through this conduct, the Furnisher and the Credit Bureaus failed to conduct reasonable investigations and reinvestigations and continued to furnish and publish materially inaccurate and misleading information. Plaintiff brings four causes of action: (i) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against all Defendants; (ii) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq., against all Defendants; (iii) violation of the California Identity Theft Act ("CITA"), Cal. Civ. Code § 1798.92 et seq., against the Furnisher; and (iv) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq., against the Furnisher. Plaintiff seeks actual, statutory, and punitive damages, civil penalties, declaratory and injunctive relief, and attorneys' fees and costs.

### Capital One, N.A. (successor by merger to Discover Bank):

Capital One denies Plaintiff's claims. By her complaint, Plaintiff alleges that she has maintained an account ending in 5857 ("Account") since September 8, 2005. Plaintiff further alleges that she did not request, receive, or authorize a cash advance despite paying monthly cash advance payments and interest charges. Plaintiff further alleges that she disputed the balance of the Account. Based on these allegations, Plaintiff claims that Capital One violated the FCRA, CCRAA, CITA, and Rosenthal Act by failing to conduct a reasonable investigation of her dispute that the Account balance was inaccurate.

Capital One has not completed its investigation of Plaintiff's allegations. Based on its investigation to date, Capital One denies the allegations and denies that it violated any statutes. To the contrary, Capital One's records reflect that Plaintiff requested and received a balance transfer September 9, 2005. Capital One's records further records reflect further that it reasonably investigated Plaintiff's dispute regarding the accuracy of the balance of the Account. Capital One denies that

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Plaintiff has suffered any harm as a resul of any action or inaction by Capital One or that Plaintiff is entitled to any relief whatsoever from Capital One.

### *Experian Information Solutions, Inc.:*

Experian denies Plaintiff's claims. This is a credit reporting case under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports require notice from a consumer to alert Experian of a potential inaccuracy.

In the instant case, Experian denies that it is liable to Plaintiff, and denies that Plaintiff suffered any damages as a result of any alleged wrongful actions or inactions of Experian. At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

*Equifax Information Services, LLC:*

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined by the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA, the CCRAA, or any other law. Equifax disputes that it failed to comply with the FCRA and CCRAA and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

## B.   Subject Matter Jurisdiction

*Plaintiff:*

This Court has subject-matter jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The Court has supplemental jurisdiction over Plaintiff's state-law claims (CCRAA, CITA, and RFDCPA) pursuant to 28 U.S.C. § 1367 because those claims arise from the same case or controversy as Plaintiff's federal claim—namely, the reporting, validation, and collection of the disputed Discover tradeline.

*Capital One, N.A. (successor by merger to Discover Bank):*

Capital One does not challenge jurisdiction and venue for Capital One for the purpose of this action only, but denies liability under the alleged statutes.

*Experian Information Solutions, Inc.:*

Experian does not dispute jurisdiction at this time but reserves the right to do so.

*Equifax Information Services, LLC: n/a*

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

### C. Legal Issues

*Plaintiff:*

The principal legal issues anticipated by Plaintiff include, without limitation:

1. Whether the Furnisher (Capital One/Discover) violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation after receiving notice of Plaintiff's disputes through the Credit Bureaus, and by continuing to report, verify, or maintain inaccurate or materially misleading information regarding the disputed cash-advance and cash-advance-interest component of the Discover balance;

2. Whether the Credit Bureaus (Experian and Equifax) violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information reported regarding the Account;

3. Whether the Credit Bureaus violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation of Plaintiff's disputes and by continuing to verify the disputed tradeline after receiving notice of the dispute, particularly given that Trans Union deleted the same Account while Experian and Equifax did not;

4. Whether Defendants violated Cal. Civ. Code § 1785.25(a) by furnishing or maintaining information they knew or should have known was incomplete or inaccurate, including the inflated balance incorporating the disputed cash-advance interest;

5. Whether the Furnisher violated the California Identity Theft Act, Cal. Civ. Code §§ 1798.92–1798.93, by continuing to furnish credit information and collect on alleged transactions that Plaintiff did not

authorize after receiving proper notice of identity theft, including a FTC Identity Theft Affidavit and Plaintiff's detailed written disputes;

6. Whether the Furnisher violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788.13, 1788.14, and 1788.17, by attempting to collect a disputed consumer debt amount that is not owed and by misrepresenting the character and amount of the alleged debt, including by incorporation of the federal FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1);

7. Whether Defendants' conduct was willful (entitling Plaintiff to statutory and punitive damages under 15 U.S.C. § 1681n and Cal. Civ. Code § 1785.31) or negligent (entitling Plaintiff to actual damages under 15 U.S.C. § 1681o and Cal. Civ. Code § 1785.31); and,

8. The nature and extent of Plaintiff's actual damages, including credit harm, emotional distress, out-of-pocket losses, and lost credit opportunities.

***Capital One, N.A. (successor by merger to Discover Bank):***

Plaintiff's Complaint alleges that Capital One violated FCRA, CCRAA, CITA, and Rosenthal Act. These claims will turn on (1) whether Plaintiff has adequately stated any of her claims against Capital One; (2) whether Plaintiff's claims are barred by the applicable statutes of limitations; (3) whether Capital One is furnishing inaccurate information regarding Plaintiff's Account on her credit report(s); (4) whether Capital One reasonably investigated Plaintiff's dispute in response to a dispute received from a credit reporting agency; (7) whether any of the alleged violations were negligent or willful; (8) whether Capital One is a "claimant" pursuant to CITA; (9) whether Plaintiff complied with her notice obligations pursuant to CITA; (10) whether Capital One was attempting to collect a "consumer debt"; (11) whether Plaintiff is a "debtor" under the Rosenthal Act;

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

(12) whether Capital One's collection activities violated the Rosenthal Act; (13) whether Plaintiff suffered any actual damages; (14) whether any of the alleged damages can be attributed to Capital One; (15) whether Plaintiff is entitled to any statutory or punitive damages; and (16) whether Capital One's affirmative defenses bar any or all of Plaintiff's claims.

### *Experian Information Solutions, Inc.:*

Experian believes that the key legal issues with respect to the claims regarding Experian are (1) whether Experian employed reasonable procedures to assure the maximum possible accuracy of the information on Plaintiff's credit reports, which it maintains it did; (2) whether Experian conducted reasonable reinvestigations of the disputed account based on the information submitted by Plaintiff, which Experian maintains it did; and (3) whether Plaintiff's damages, if any, can be attributed to Experian.

### *Equifax Information Services, LLC:*

Equifax believes that the key legal issues with respect to Equifax are (1) whether Plaintiff can meet Plaintiff's burden to prove that any reinvestigation conducted by Equifax violated the FCRA and the CCRAA; (2) whether Plaintiff can meet her burden of proving a claim against Equifax for negligent noncompliance with the FCRA and the CCRAA; (3) whether Plaintiff can meet her burden of proving a claim against Equifax for willful noncompliance with the FCRA and the CCRAA; (4) whether Plaintiff can meet her burden of proving that Plaintiff suffered any damages proximately caused by any action or inaction of Equifax; (5) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs, and/or fees) from Equifax pursuant to the FCRA; (6) whether any alleged damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or the actions of Plaintiff; and (7) whether Plaintiff failed to mitigate those damages.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## D.     Parties, Evidence, etc.

*Parties:*

The parties to this action are: Plaintiff Patricia Ann Gordon; Defendant Capital One, N.A., a national banking association organized under the laws of the United States and the successor by merger to Discover Bank, a Delaware-chartered bank and credit-card issuer (the merger having been consummated on or about May 18, 2025); Defendant Experian Information Solutions, Inc., an Ohio corporation and nationwide consumer reporting agency; and Defendant Equifax Information Services, LLC, a Georgia limited liability company and consumer reporting agency. The corporate Defendants are directed to identify their subsidiaries, parents, and affiliates for conflict purposes in their respective portions below.

*Plaintiff:*

Plaintiff anticipates that the key percipient witnesses include: (i) Plaintiff Patricia Ann Gordon; (ii) Defendants' Federal Rule of Civil Procedure 30(b)(6) designees; (iii) Defendants' employees with personal knowledge of the opening and servicing of the Account, the assessment of cash-advance and cash-advance-interest charges, dispute handling, and reinvestigation procedures, including any customer-service representatives who communicated with Plaintiff concerning the alleged two interest rates; (iv) custodians of records for each Defendant; and (v) any third-party witnesses identified through discovery.

Plaintiff anticipates that the key documents include, without limitation: Plaintiff's Discover account statements from account opening to the present; the Discover cardholder agreement(s) and any amendments; documents purporting to show authorization for the alleged cash advance(s) at issue; Discover's internal account-servicing records, dispute files, and ACDV/e-OSCAR transmissions concerning Plaintiff's disputes; Discover's August 14, 2025 "validation" correspondence; Plaintiff's written disputes to Discover dated May 27, 2025 and

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

July 22, 2025; Plaintiff's written disputes to the Credit Bureaus dated May 30, 2025 and July 22, 2025; Plaintiff's FTC Identity Theft Affidavit; the Credit Bureaus' reinvestigation results and credit disclosures (Equifax dated August 14, 2025; Experian and Trans Union dated January 6, 2026); Defendants' written policies and procedures governing furnishing, dispute investigation, and reinvestigation; and documents reflecting Plaintiff's damages.

### *Capital One, N.A. (successor by merger to Discover Bank):*

Capital One states that the following listed parties may have a pecuniary interest in the outcome of this case:

Pursuant to a merger agreement, on May 18, 2025, Discover Bank merged with Capital One, N.A. with Capital One as the surviving entity. Capital One, N.A. is the successor by merger to Discover Bank.

1.      Capital One, N.A. is a is a wholly owned subsidiary of Capital One Financial Corp.

2.      DFS Services LLC is a wholly owned subsidiary of Capital One Financial Corp.

3.      Capital One Financial Corporation is a publicly traded corporation. Based on Schedule 13D and 13G filings submitted to the SEC, Capital One understands that, as a result of the merger transaction, the following entities are beneficial owners of more than 5% of Capital One's outstanding common stock: The Vanguard Group Inc. (10.0%), Capital Research and Management Company (aka World Investors) (7.9%), and BlackRock, Inc. (6.9%).

Capital One identifies the following witnesses on the main issues in the case: Plaintiff; Capital One's corporate representative regarding the opening and use of Plaintiff's Capital One account, as well as the furnishing of information to credit reporting agencies relating to the accounts, and Capital One's investigation and handling of any disputes submitted to Capital One relating to the accounts; expert

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

witnesses, if relevant, and the corporate representatives of each of the other defendants.

Capital One's investigation is ongoing but it identifies the following potential key documents: records relating to the Account, including documents relating to the opening and use of the Accounts (including monthly statements); documents relating to the investigation and handling of any disputes submitted to Capital One relating to the Accounts; and Plaintiff's credit file.

*Experian Information Solutions, Inc.:*

The parties are as follows: Plaintiff, Capital One N.A., Experian Information Solutions, Inc., and Equifax Information Services, LLC.

Witnesses will include Plaintiff and the Fed. R. Civ. P. 30(b)(6) witness(es) for each Defendant as well as Fed. R. Civ. P. 30(b)(1) witness(es).

Key documents in this matter will include Plaintiff's credit reports, Plaintiff's dispute; documents regarding the investigation(s)/reinvestigation(s) of Plaintiff's disputes; and Defendants' file(s) regarding Plaintiff.

*Equifax Information Services, LLC:*

Equifax identifies the following parties, percipient witnesses, and key documents on the main issues in the case herein based on the information currently and reasonably available to Equifax. Equifax also reserves the right to supplement or amend this information under Fed. R. Civ. P. 26(e) or any other applicable rule:

• Plaintiff Patricia Gordon

• Any entity with whom Plaintiff alleges to have applied for credit, employment, or insurance. These individuals may have knowledge of the facts at issue in this case regarding account(s) and/or any adverse actions. Name(s) and address(es) presently unknown.

• Any other party to this lawsuit.

• Any witness identified by any other party to this lawsuit.

- Any individual needed for impeachment or rebuttal.

- Any spouse, family members, or friends of Plaintiff, who may have knowledge of the factual basis of the claims and defenses. Name(s) and address(es) presently unknown.

- A representative of the disputed furnisher(s), identity currently unknown. These individuals are likely to have information regarding the account history and reporting of the disputed account(s), including responses to requests for investigation.

Equifax identifies the following documents that may be used to support its defenses in this litigation that are in the possession of its counsel:

- Plaintiff's credit file;

- Relevant portions of Equifax's policy and procedure manuals;

- ACIS cases and ACDVs, if any;

- Any documents identified by Plaintiff and/or co-defendants;

- Any other documents produced in discovery; and

- Any and all documents needed for rebuttal or impeachment.

### E.    Damages

*Plaintiff*:

Plaintiff seeks actual damages (including emotional distress, credit harm, lost credit opportunities, and out-of-pocket losses), statutory damages, punitive damages, civil penalties, attorneys' fees, and costs, along with declaratory and injunctive relief requiring deletion or correction of the disputed tradeline. The disputed cash-advance interest component of the Account balance documented to date totals at least $18,885.59, and Plaintiff continues to identify additional disputed charges as Discover/Capital One produces additional statements. Plaintiff's realistic range of provable damages is in the six figures. Plaintiff will refine this estimate as discovery progresses and, if appropriate, through the assistance of a damages

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

expert.

*Capital One, N.A. (successor by merger to Discover Bank):*

Capital One denies that Plaintiff is entitled to any relief whatsoever in this action. Capital One does not allege damages at this time, but reserves all rights, including the right to seek its attorneys' fees, costs, and expenses connected with the defense of this matter, as appropriate.

*Experian Information Solutions, Inc.:*

Plaintiff has not yet produced any evidence of damages. As a result, Experian is unable to estimate Plaintiff's range of provable damages. That being said, Experian denies that Plaintiff is entitled to any damages or other relief against Experian. Experian does not allege any damages at this time but reserves the right to do so.

*Equifax Information Services, LLC:*

Equifax denies Plaintiff's damages and is not claiming any damages at this time but reserves the right to do so.

**F.    Insurance**

*Plaintiff:*

Plaintiff does not maintain any insurance policy related to this action.

*Capital One, N.A. (successor by merger to Discover Bank):*

Capital One is unaware of any insurance coverage applicable to the asserted claims. Should Capital One's position regarding coverage change, Capital One will supplement this disclosure.

*Experian Information Solutions, Inc.:*

Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

*Equifax Information Services, LLC:*

Equifax is self-insured

## G.     Motions

*Plaintiff:*

Plaintiff does not presently anticipate filing motions to add other parties or claims, transfer venue, or challenge the Court's jurisdiction. Plaintiff expressly reserves the right to seek leave to amend the pleadings, including to add additional claims or parties (such as joining additional furnishers or Trans Union, LLC, if discovery so warrants), should facts revealed in discovery require it.

*Capital One, N.A. (successor by merger to Discover Bank):*

Capital One does not presently anticipate filing any motions to add parties or claims but reserves all rights.

*Experian Information Solutions, Inc.:*

Experian does not anticipate adding any Parties nor amending its pleadings, but reserves the right to do so.

*Equifax Information Services, LLC:*

Equifax does not anticipate amending its pleadings, but reserves the right to do so.

## H.     Dispositive Motions

*Plaintiff:*

Plaintiff does not presently anticipate filing a dispositive motion in light of the fact-intensive questions of reasonableness, willfulness, causation, and damages that govern Plaintiff's FCRA, CCRAA, CITA, and RFDCPA claims. Plaintiff reserves the right to file partial summary-judgment motions on discrete issues should discovery support doing so.

*Capital One, N.A. (successor by merger to Discover Bank):*

Capital One anticipates filing amotion for summary judgement. Capital One

further reserves the right to file all appropriate motions.

*Experian Information Solutions, Inc.:*

If the parties are unable to resolve the issues in this case, Experian anticipates filing a Motion for Summary Judgment related to Plaintiff's claims against Experian following the close of discovery.

*Equifax Information Services, LLC:*

Equifax anticipates filing a motion for summary judgment or other dispositive motion on the issue of Equifax's liability and/or Plaintiff's damages. Equifax reserves the right to file all appropriate motions, including motions in limine.

### I.     Manual for Complex Litigation

The Parties do not believe that the procedures of the Manual for Complex Litigation should be utilized in this action.

### J.     Status of Discovery

The Parties have not yet exchanged Rule 26(a)(1) initial disclosures and have not yet propounded written discovery. The Parties intend to exchange initial disclosures within fourteen (14) days after the Rule 26(f) conference and to begin propounding written discovery promptly thereafter, consistent with the Court's encouragement to commence active discovery before the Scheduling Conference.

### K.     Discovery Plan

*Plaintiff:*

Plaintiff does not believe any changes need to be made to the form or requirements of the Fed. R. Civ. P. 26(a) initial disclosures. Plaintiff anticipates that discovery will focus on the following subject areas: (i) the opening and servicing of the disputed Discover Account, including all communications between Plaintiff and the Furnisher regarding the alleged cash advance and the second interest rate; (ii) the existence (or non-existence) of underlying transaction documentation for the

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

alleged cash advance and the resulting cash-advance-interest charges; (iii) Discover's billing statements and statement-format conventions, including the simultaneous reporting of "Cash Advances: $0.00" and "interest charged on cash advance"; (iv) the Furnisher's investigation of Plaintiff's direct disputes dated May 27, 2025 and July 22, 2025; (v) the Furnisher's investigation of indirect (ACDV/e-OSCAR) disputes received from the Credit Bureaus following Plaintiff's May 30, 2025 and July 22, 2025 disputes; (vi) the Credit Bureaus' reinvestigation procedures, including the discrepancy between Trans Union's deletion of the Account and Experian's and Equifax's continued reporting; (vii) Defendants' policies, procedures, training materials, and audits relating to furnishing, dispute investigation, and reinvestigation; (viii) information sufficient to establish willfulness and to support a claim for punitive damages; and (ix) Plaintiff's damages.

Plaintiff intends to use the full range of discovery tools permitted by Rules 26–36, including interrogatories, requests for production, requests for admission, depositions of party and Rule 30(b)(6) witnesses, and appropriate third-party subpoenas (including to Trans Union, LLC, for its dispute file and reinvestigation records). Plaintiff does not believe that discovery should be conducted in phases or that the presumptive Rule 26 and Local Rule limits should be reduced. Plaintiff anticipates that an ESI protocol and stipulated protective order will be appropriate and is prepared to meet and confer with Defendants on those issues promptly after the Scheduling Conference.

### *Capital One, N.A. (successor by merger to Discover Bank):*

Capital One contends that no changes to the discovery disclosures or limitations under the Federal Rules are needed. Capital One requires that a protective order be entered prior to producing any confidential, trade secret, and/or commercially sensitive information or documents. Capital One anticipates seeking

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

written discovery from Plaintiff, the other Defendants, as well as any relevant third-party witnesses and deposition testimony from Plaintiff as well as any relevant third-party witnesses. The subjects on which discovery may be needed are the legal issues listed in Section C supra.

### Experian Information Solutions, Inc.:

Experian does not request any changes to the disclosures pursuant to 26(a) nor does Experian believe that discovery should be conducted in phases or otherwise limited.

### Equifax Information Services, LLC:

Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA and the CCRAA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA and the CCRAA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA and the CCRAA; (8) whether Plaintiff has suffered any damages proximately caused by any action or inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate her alleged damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

under the FCRA violate the U.S. Constitution.

### L. Discovery Cut-off

The Parties propose the non-expert discovery cut-off reflected on the Schedule Worksheet attached as Exhibit A.

### M. Expert Discovery

The Parties propose the expert discovery cut-off reflected on the Schedule Worksheet attached as Exhibit A.

### N. Settlement Efforts to Date and Alternative Dispute Resolution ("ADR")

*Plaintiff:*

The Parties have not yet engaged in substantive settlement negotiations. Plaintiff is open to the court's mediation panel and/or private mediation following a meaningful exchange of written discovery. Plaintiff selects ADR Procedure Nos. 2 (Court's Mediation Panel).

*Capital One, N.A. (successor by merger to Discover Bank):*

The Parties have not engaged in settlement discussions at this time. Capital One prefers a settlement conference with a magistrate judge, or in the alternative, ADR Procedure No. 2, a panel mediator mutually selected by the parties.

*Experian Information Solutions, Inc.:*

Experian believes that settlement discussions will benefit from further development of the factual record. In the event that a form of ADR is necessary, Experian elects ADR procedure No. 2, a panel mediator mutually selected by the parties.

*Equifax Information Services, LLC:*

Plaintiff has provided an initial settlement demand to Equifax. Equifax is currently evaluating Plaintiff's claims and anticipates engaging in settlement negotiations with Plaintiff soon. Equifax prefers ADR Procedure No. 2.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## O.    Trial Estimate

*Plaintiff:*

Plaintiff has demanded a jury trial. Plaintiff estimates that trial will require approximately 4-5 court days and that Plaintiff will call approximately 5-8 witnesses (including Plaintiff, the parties' Rule 30(b)(6) and account-specific witnesses, Plaintiff's damages expert, and any rebuttal witnesses).

***Capital One, N.A. (successor by merger to Discover Bank):***

Capital One anticipates a 2-3 day trial. Capital One currently anticipates calling 2-3 witnesses.

***Experian Information Solutions, Inc.:***

Experian contemplates calling 3-4 witnesses and anticipates that trial will take 3-4 days.

***Equifax Information Services, LLC:***

Plaintiff has requested a jury trial. Equifax anticipates a 2-4 day trial.

## P.    Trial Counsel

*Plaintiff:*

Plaintiff will be represented at trial by Andrei Armas, Esq. and Matthew M. Loker, Esq. of Loker Law, APC.

***Capital One, N.A. (successor by merger to Discover Bank):***

Capital One will be represented by Arjun Rao (lead trial counsel), Marcos Sasso, and Kay Fitz-Patrick.

***Experian Information Solutions, Inc.:***

Experian will be represented at trial by Sumit Kapur of Goodwin Procter LLP.

***Equifax Information Services, LLC:***

Equifax will be represented at trial by Heliane Fabian, Esq. of Seyfarth Shaw LLP.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## Q.     Independent Expert or Master

The Parties do not believe this is a case in which the Court should consider appointing a special master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

## R.     Schedule Worksheet

The Parties have jointly completed the Schedule of Pretrial and Trial Dates Worksheet required by the Court's Order Setting Scheduling Conference and have attached it as Exhibit A to this Joint Rule 26(f) Report.

## S.     Other Issues

*Plaintiff:* n/a

*Capital One, N.A. (successor by merger to Discover Bank):*

Aside from the above-mentioned need for a stipulated protective order, Capital One is not aware of any remaining issues affecting the status of case management.

*Experian Information Solutions, Inc.:*

Experian does not anticipate any ESI preservation issues. Production and/or disclosure of proprietary, confidential, and/or non-public documents and information shall be disclosed only upon entry of a protective order.

Experian believes that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court shortly after the Scheduling Conference or by the deadline for entry set by the Court. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

*Equifax Information Services, LLC:*

The parties do not anticipate any ESI preservation issues. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. Additionally, production and/or disclosure of proprietary, confidential, and/or non-public documents and information shall be disclosed only upon entry of a protective order.

Dated: May 22, 2026                    Respectfully submitted,

**LOKER LAW, APC**

By: /s/Andrei Armas
Andrei Armas, Esq.
Matthew M. Loker, Esq.
Attorneys for Plaintiff,
Patricia Ann Gordon

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Kay Fitz-Patrick
Arjun P. Rao
Marcos Sasso
Kay Fitz-Patrick
Counsel for Defendant
Capital One, N.A., successor by merger
to Discover Bank

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**GOODWIN PROCTER LLP**

By: /s/ Sumit Kapur

Sumit Kapur, Esq.

Counsel for Defendant

Experian Information Solutions, Inc.

**SEYFARTH SHAW LLP**

By: */s/ Heliane Fabian*

Heliane Fabian, Esq.

Counsel for Defendant

Equifax Information Services, LLC

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

*LOKER LAW, APC*
*132 BRIDGE STREET*
*ARROYO GRANDE, CA 93420*

# EXHIBIT A

## JUDGE ANDRÉ BIROTTE JR.

### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*

### *The Court ORDERS the parties to make every effort to agree on dates.*

**Case No.** 2:26-cv-02034-AB-SSC   **Case Name:** *Gordon v. Capital One, N.A., et al.*

| Trial and Final Pretrial Conference Dates | Plaintiff's Proposed Date mm/dd/yyyy | Defendant's Proposed Date mm/dd/yyyy |
|---|---|---|
| Check one:   ☒ Jury Trial   or   ☐ Court Trial *[Monday at 8:30 a.m., about 18 months after Complaint filed]* Estimated Duration, in days: | 08/23/2027 5 days | ___ days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine *[Friday at 11:00 a.m., at least 17 days before trial]* | 08/06/2027 | |

| Event[1] *Note:* Hearings must be on Fridays at 10:00 a.m. Other dates can be any day of the week. | Suggest. Weeks Before FPTC[2] | Plaintiff's Proposed Date mm/dd/yyyy | Defendant's Proposed Date mm/dd/yyyy |
|---|---|---|---|
| Last Date to *Hear* Motions to Amend Pleadings/Add Parties *[Friday]* | 12-16 weeks after Sched. Conf. | 09/11/2026 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 04/09/2027 | |
| Expert Disclosure (Initial) | | 04/16/2027 | |
| Expert Disclosure (Rebuttal) | | 04/30/2027 | |
| Expert Discovery Cut-Off | 12[3] | 05/14/2027 | |

---

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.** *This is often appropriate for class actions, patent cases, and ERISA cases.*

[2] **This is the Court's recommended default timeline for certain events. The parties are welcome to propose different intervals as needed for their case.**

[3] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

**CASE NO.: 2:26-CV-02034-AB-SSC**          **1 OF 2**          *Gordon v. Capital One, N.A., et al.*

**Joint Rule 26(f) Report – Exhibit A**

| | | | |
|---|---|---|---|
| Last Date to **_Hear_** Motions *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed<br>**_For Cross-Motions, see Standing Order_.** | 12 | 05/14/2027 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 10 | 05/28/2027 | |
| **_Alternative Dispute Resolution ("ADR") Procedure (select one)_**:<br>(Magistrate Judge *[with Court approval],* Court's Mediation Panel, or   Private Mediation) | | ☐ 1. Mag. Judge<br>☒ 2. Panel<br>☐ 3. Private | ☐ 1. Mag. Judge<br>☐ 2. Panel<br>☐ 3. Private |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 minimum | 07/16/2027 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 minimum | 07/23/2027 | |

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:26-CV-02034-AB-SSC**          **2 OF 2**          *Gordon v. Capital One, N.A., et al.*

**Joint Rule 26(f) Report – Exhibit A**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2026, I presented the foregoing **JOINT RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: ___/s/ Andrei Armas____

ANDREI ARMAS, ESQ.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:26-CV-02034-AB-SSC**          **1 OF 1**          *Gordon v. Capital One, N.A., et al.*

**Joint Rule 26(f) Report – Certificate of Service**